UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DERRION JOSEPH LEMOINE**                                **CIVIL ACTION**

**VERSUS**                                                **NO. 22-1027**

**DR. WILLIAM LO**                                        **SECTION: "A"(5)**

## REPORT AND RECOMMENDATION

This 42 U.S.C. § 1983 proceeding was filed *in forma pauperis* by *pro se* Plaintiff, Derrion Joseph Lemoine, against Defendant, Dr. William Lo, for failing to keep his medical information private in violation of the Health Insurance Portability and Accountability Act of 1996 (HIPPA). He alleges that Dr. Lo, a mental health care provider, held his 30-minute appointment in a main hallway at the jail within earshot of other inmates and guards. (Rec. Doc. 1, p. 5). He requests monetary compensation and injunctive relief. (*Id*. at 6).

A proceeding brought *in forma pauperis* may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(i), (ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Liberally construing the complaint, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed with prejudice as frivolous and for failing to state a claim upon which relief can be granted.

Lemoine alleges generally that Dr. Lo violated HIPPA regulations by holding a medical appointment in a public hallway. However, the United States Fifth Circuit Court of Appeals has held repeatedly that there is no private cause of action under HIPAA. *Carpenter v. Arredondo*, 714 F. App'x 416, 2018 WL 1192993 (5th Cir. 2018); *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006); *see also Stewart v. Parkview Hosp*., 940 F.3d 1013, 1015 (7th Cir.

2019); *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n. 4 (10th Cir. 2010); *Sneed v. Pan Am. Hosp.*, 370 F. App'x 47, 50 (11th Cir. 2010); *Kimble v. Lopinto*, Civ. Action No. 19-13078, 2020 WL 4550550, *11 (E.D. La. June 17, 2020), *adopted*, 2020 WL 4546966 (E.D. La. Aug. 6, 2020); *White v. Lincoln Parish Detention Center*, Civ. Action No. 18-1185, 2018 WL 5074675, *2 (W.D. La. Oct. 2, 2018), *adopted*, 2018 WL 5046685 (W.D. La. Oct. 17, 2018); *Perez v. Sheriff of Tangipahoa Parish, et al.*, Civ. Action No. 10-2073, 2011 WL 1226482, *10 (E.D. La. Feb. 28, 2011), *adopted*, 2011 WL 1212940 (E.D. La. Mar. 28, 2011).  In upholding the district court's ruling that HIPPA does not give plaintiff a private cause of action, the United States Fifth Circuit explained:

> HIPAA does not contain any express language conferring privacy rights upon a specific class of individuals. Instead, it focuses on regulating persons that have access to individually identifiable medical information and who conduct certain electronic health care transactions. 42 U.S.C. § 1320d–1. HIPAA provides both civil and criminal penalties for improper disclosures of medical information. 42 U.S.C. §§ 1320d–5, d–6. However, HIPAA limits enforcement of the statute to the Secretary of Health and Human Services. *Id*. Because HIPAA specifically delegates enforcement, there is a strong indication that Congress intended to preclude private enforcement. *Alexander*, 532 U.S. at 286–87, 121 S.Ct. 1511 ("The express provision of one method of enforcing [a statute] suggests Congress intended to preclude others.").
>
> While no other circuit court has specifically addressed this issue, we are not alone in our conclusion that Congress did not intend for private enforcement of HIPAA. Every district court that has considered this issue is in agreement that the statute does not support a private right of action. *See*, *e.g.*, *Agee v. United States*, 72 Fed. Cl. 284 (2006); *Walker v. Gerald*, No. 05–6649, 2006 WL 1997635 (E.D. La. June 27, 2006); *Poli v. Mountain Valleys Health Ctrs., Inc.*, No. 2:05–2015–GEB–KJM, 2006 WL 83378 (E.D. Cal. Jan. 11, 2006); *Cassidy v. Nicolo*, No. 03–CV–6603–CJS, 2005 WL 3334523 (W.D.N.Y. Dec. 7, 2005); *Johnson v. Quander*, 370 F.Supp.2d 79 (D.D.C. 2005); *Univ. of Colo. Hosp.*, 340 F.Supp.2d 1142 (D. Colo. 2004); *O'Donnell v. Blue Cross Blue Shield of Wyo.*, 173 F.Supp.2d 1176 (D. Wyo. 2001); *Means v. Ind. Life & Accident Ins. Co.*, 963 F.Supp. 1131 (M.D. Ala. 1997); *Wright v. Combined Ins. Co. of Am.*, 959 F.Supp. 356 (N.D. Miss. 1997).

*Acara v. Banks*, 470 F.3d at 571.

HIPPA does not confer a private right of action or rights enforceable under Section 1983. Hence, even based on the presumptively true factual allegations in his complaint, Lemoine does not assert an actionable claim for relief against Dr. Lo under Section 1983.

## **RECOMMENDATION**

For the foregoing reasons, **IT IS RECOMMENDED** that Lemoine's complaint be **DISMISSED WITH PREJUDICE** as legally frivolous and for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[1]

New Orleans, Louisiana, this   4th   day of         August        , 2022.

> MICHAEL B. NORTH
> UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.